IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| KAREN SHAFER, | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DNYING IN PART MOTION TO DISMISS** |
|---|---|
| Plaintiff, | |
| v. | |
| YOUNG AUTOMOTIVE GROUP, INC.; SPENCER YOUNG, JR.; and KELLY MOSS; | Case No. 1:17-cv-00160-JNP-EJF |
| Defendants. | District Judge Jill N. Parrish |

Karen Shafer sued Young Automotive Group, Inc. (YAG), Spencer Young, and Kelly Moss for violations of the Equal Pay Act (EPA). Shafer also asserted additional claims against YAG. Young and Moss move to dismiss the EPA claim with prejudice. [Docket 10.] The court GRANTS IN PART AND DENIES IN PART the motion.

## BACKGROUND

Shafer is a former employee of YAG, a corporation that owns and manages car dealerships. Young is the co-owner and co-chairmen of YAG. He works at the Layton headquarters. Moss is the Executive Director of YAG and also works at the Layton headquarters.

Shafer was hired by YAG in 2000 and worked as a Corporate Controller from 2013 to 2016. Shafer alleges that she was "similarly situated" to other male employees, including Young, Moss, and another employee with the job title of Corporate Controller, Robert Beaslin. Shafer further alleges that she "was paid less than other male employees with substantially similar job duties," including Young, Moss and Beaslin. In particular, she asserts that she was paid less than Beaslin despite the fact that they shared the same job title and "had equal duties and

responsibilities." This pay disparity continued, even though Shafer "performed much of the work that Mr. Beaslin was supposed to have performed." YAG, Young, and Moss "were responsible for determining Shafer's pay and made the decision to pay her less than male employees with substantially similar job duties and responsibilities."

Shafer sued YAG for gender discrimination, sexual harassment, and retaliation. She also asserted an EPA claim against YAG, Young, and Moss.

**ANALYSIS**

Young and Moss argue that the EPA claim against them should be dismissed for two reasons. First, they argue that they cannot be held liable under the EPA because neither of them is an "employer" as that term is defined under the statute. Second, they argue that Shafer has not sufficiently pleaded a violation of the EPA because she has not given factual details to substantiate her claim that her job duties were substantially similar to the duties of male co-workers who were paid more.

**I.      INDIVIDUAL LIABILITY UNDER THE EPA**

The EPA provides that "No employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work." 29 U.S.C. § 206(d)(1). Young and Moss argue that they cannot be held liable under this statute because they were not Shafer's "employer." In support of this argument, they cite a handful of district court rulings stating that the term "employer" in the EPA does not include supervisors or managers. *See, e.g.*, *Converse v. City of Oklahoma City*, 649 F. Supp. 2d 1310, 1320 (W.D. Okla. 2009) ("The court finds that no claim can be made against the individual defendants because, as with Title VII of the Civil Rights Act of 1964, individual supervisors cannot be held personally liable under the Equal Pay Act."); *Peters v. Black Tie Value Parking Serv., Inc.*, No. CIV-12-809-D, 2013 WL 149773, at *3 (W.D. Okla.

Jan. 14, 2013) (same); *Harris v. City of Harvey*, 992 F. Supp. 1012, 1013 (N.D. Ill. 1998) (same); *Brassfield v. Jack McLendon Furniture, Inc.*, 953 F. Supp. 1438, 1449 (M.D. Ala. 1996) (same). Some of these district court rulings reason that the EPA does not permit individual liability because it is "a blood sibling of" Title VII, the Americans with Disabilities Act, and the Age Discrimination in Employment Act, which do not permit supervisor liability. *See Harris*, 992 F. Supp. at 1013. The court respectfully disagrees with these district court rulings because the term "employer" in the EPA is defined broadly.

Chapter 8 of Tile 29 of the United States Code is known as the Fair Labor Standards Act of 1938 (FLSA). 29 U.S.C. § 201. The FLSA establishes a minimum wage, child labor standards, recordkeeping requirements, and overtime pay for part-time and full-time workers. The EPA is an amendment to the FLSA and is also located in Chapter 8 of Tile 29. *See* 29 U.S.C. § 206(d); *Cal. Dep't of Indus. Relations, Div. of Indus. Welfare v. Homemakers, Inc., of L.A.*, 423 U.S. 1063, 1065 n. 2 (1976) (noting that the EPA was an amendment to the FLSA). Consequently, the definition section of Chapter 8 applies equally to the FLSA and the EPA. *Holliday v. WSIE 88.7 FM Radio Station*, No. 04-CV-0237-MJR, 2005 WL 3312633, at *5 (S.D. Ill. Dec. 7, 2005) ("The EPA is part of the Fair Labor Standards Act ("FLSA"), and necessarily shares the definition of employer contained within FLSA.").

The term "employer," as it is used in the FLSA and the EPA, is defined broadly: "As used in this chapter . . . 'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). It appears that the Tenth Circuit has not interpreted this definition of "employer" within the context of an EPA claim. But it has interpreted this term in FLSA cases, noting that "[i]n determining what is an employer under the [FLSA] we are not limited to the common-law definition of such a relationship. The [FLSA]

3

contains its own definitions of employer . . . ." *Mitchell v. Hertzke*, 234 F.2d 183, 189 (10th Cir. 1956). This definition of employer is, "comprehensive enough to require its application to many persons and working relationships, which prior to this Act, were not deemed to fall within an employer-employee category." *Hodgson v. Okada*, 472 F.2d 965, 968 (10th Cir. 1973) (quoting *Walling v. Portland Terminal Co.*, 330 U.S. 148, 150–51 (1947)).

In this case, Shafer alleges that Young, and Moss were responsible for determining her pay and decided to pay her less than male employees with substantially similar job duties. Young and Moss were, therefore, employers within the meaning of the EPA because they were "acting directly or indirectly in the interest of an employer [YAG] in relation to an employee." *See* 29 U.S.C. § 203(d); *Hodgson*, 472 F.2d at 968–69 (holding that individuals who had the authority to direct and fire employees were employers under the FLSA).

## II. SUFFICIENCY OF THE PLEADINGS

A plaintiff "must offer specific factual allegations to support each claim." *Safe Sts. All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017). This obligation to plead facts that would provide grounds for relief "requires more than labels and conclusions [or] a formulaic recitation of the elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"In order to make a case under the [EPA], the [plaintiff] must show that an employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974). To establish a pima facie case under this standard, a plaintiff "has the burden of proving (1) she was performing work which was substantially equal to that of the male employees considering the skill, duties, supervision, effort and responsibilities of the jobs; (2) the conditions where the work was

4

performed were basically the same; (3) the male employees were paid more under such circumstances." *Tidwell v. Fort Howard Corp.*, 989 F.2d 406, 409 (10th Cir. 1993).

Young and Moss argue that Shafer failed to allege facts establishing the first element: substantially similar work assignments. The court agrees. Shafer pleads generally that she "was paid less than other male employees with substantially similar job duties." She further alleges that she was paid less than another male employee even though they "had equal duties and responsibilities." But these allegations are conclusory. The complaint does not state what the "similar job duties" are or specify the conditions under which they were performed. Nor does the complaint identify the "equal duties and responsibilities" that Shafer allegedly shared with other male employees. Because these allegations merely recite "labels and conclusions," they are insufficient to state a claim. *See Twombly*, 550 U.S. at 555; *see also Arafat v. Sch. Bd. of Broward Cty.*, 549 F. App'x 872, 875 (11th Cir. 2013) (unpublished) (affirming dismissal of an EPA claim where the plaintiff "did not plead the facts comparing her skill, effort, and responsibility levels to those younger males who were allegedly paid more than her."); *Lehman v. Bergmann Assocs., Inc.*, 11 F. Supp. 3d 408, 420 (W.D.N.Y. 2014) (a plaintiff's allegation that her male co-workers "had comparable performance and responsibilities" was insufficient to state a claim for relief under the EPA).

The complaint also alleges that Shafer shared the same job title as a better-compensated male colleague. A shared job title, however, is not enough to establish the substantially equal job duties requirement. *E.E.O.C. v. Cent. Kansas Med. Ctr.*, 705 F.2d 1270, 1272 (10th Cir. 1983) ("Application of the Equal Pay Act depends not on job titles or classifications but on the actual requirements and performance of the job."); *Shutlz v. Dixie State Univ.*, No. 2:16-CV-830-TS, 2017 WL 1968651, at *12 (D. Utah May 11, 2017) ("The fact that Plaintiff shared the title of 'vice

president' with her male colleagues does not create an assumption that the work performed was substantially similar.").

Shafer, therefore, has failed to state a claim for violations of the EPA, and the court dismisses this cause of action. Young and Moss ask the court to dismiss the EPA claim with prejudice. But they do not argue why Shafer should not be given leave to amend. "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted). Because Shafer has not yet had an opportunity to amend her complaint, the court does not find that amendment would be futile and orders that dismissal shall be without prejudice. Shafer shall have 21 days from the date of this order to file an amended complaint that alleges facts that address the deficiencies noted in this order, if she can.

## CONCLUSION AND ORDER

The court ORDERS as follows:

1) The court GRANTS IN PART AND DENIES IN PART the motion to dismiss brought by Young and Moss. [Docket 10.]

2) The court dismisses the EPA cause of action without prejudice. Shafer shall have until October 19, 2018, to file an amended complaint that addresses the deficiencies noted by the court.

DATED September 28, 2018

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge